## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1-18-CV-01916-MLB-CCB |
| v. | : | |
| | : | |
| GEORGIA RETAIL COMPANY and GEORGIA THRIFT STORES, INC. (collectively d/b/a VALUE VILLAGE) | : | |
| | : | |
| | : | |
| Defendants. | : | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission's Complaint alleged that Defendants Georgia Retail Company and Georgia Thrift Stores, Inc. ("Defendants") discriminated against Marjorie Clark ("Clark") by failing to provide her with a reasonable accommodation for her disability and causing her to be constructively discharged from her employment.

The Commission and the Defendants hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly

1

before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendants shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to provide a reasonable accommodation or constructively discharging any such person due to a failure to provide them a reasonable accommodation.

2.      Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.      Defendants shall pay Clark the total amount of Forty-Five Thousand Dollars ($45,000.00) in settlement of the claims raised in this action with Fourteen

Thousand Dollars ($14,000.00) allocated to back pay wages and the remainder to compensatory damages. Payment shall be made within ten (10) days after the Court approves this Consent Decree. Defendants shall mail the check(s) payable to Clark to an address to be provided by the Commission. Within ten (10) days after the check(s) have been sent, Defendants shall send to the Commission, a copy of the check(s) and proof of delivery to Clark by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Neither the Commission nor Defendants make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Clark may or may not incur on such payments under local, state and/or federal law.  It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

4.      Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall eliminate from the personnel file and personnel records of Clark any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2017-04118, including any events that occurred in connection with this lawsuit.  Within ten (10) days of the entry of this Consent Decree by the Court, Defendants shall report compliance with the terms contained within this paragraph to the Commission.

5.      Defendant has in place an Americans With Disabilities Act Compliance policy, which is attached hereto as Exhibit A.  Throughout the term of this Consent

Decree, Defendant shall maintain this or a similar policy which includes an explanation of the requirements of the ADA and its prohibition against disability discrimination; Defendants' obligation to provide a reasonable accommodation to qualified individuals with disabilities; the procedure for employees to request a reasonable accommodation orally or in writing; and the procedure for considering employees' requests for a reasonable accommodation.  To that end, within ninety (90) days of the entry of this Consent Decree by the Court, Defendants shall also amend its ADA policy to add the paragraphs listed on Exhibit B which contain an anti-retaliation provision and describe the procedure for employees to request a reasonable accommodation and Defendants' procedure for considering requests for same.  Defendants shall re-distribute to each current employee a copy of the revised policy within the aforementioned ninety (90) day time period.  Within one hundred (100) days of the entry of this Consent Decree, Defendants shall report compliance to the Commission.  During the term of this Consent Decree, Defendants shall distribute the policy to all new employees (e.g. those hired by Defendants since the entry of the Consent Decree) and review it with them at the time of hire.

6.      During the term of this Consent Decree, Defendants shall post a copy of the policy described in paragraph 5, *supra*, in all its facilities in a place where it is visible to employees.  If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the policy.  Within one hundred (100)

4

days after the Consent Decree is entered, Defendants will post the policy and notify the Commission that it has been posted.

7.      During the term of this Consent Decree, Defendants shall provide an annual training program to all of its managers, supervisors and employees.  Each training program shall include an explanation of the requirements of the ADA, including the provision of reasonable accommodations to qualified persons with disabilities.  Each training program shall also include an explanation of Defendants' policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

The first training program shall be completed within One Hundred and Twenty (120) days after entry of this Consent Decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendants shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.  Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

5

8.     Beginning within ten (10) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Consent Decree, in all of Defendants' facilities in a place where it is visible to employees.  If a Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within ten (10) days after entry of this Consent Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

9.     During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information:

> A.     The identity of each applicant or employee who at any time during the reporting period requested an accommodation for a disability or physical or mental impairment as defined by the ADA, including by way of identification each person's full name, last known address and telephone number, job title or position sought, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;

> B.     For each individual identified in response to 9.A above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request; and

6

C.     The identity of each employee discharged during the reporting period who at any time since the entry of the Consent Decree requested an accommodation for a disability or physical or mental impairment as defined by the ADA, including the date of and reason for discharge and the identity of all individual(s) involved in the decision regarding the discharge.

Defendants agrees that within forty-eight (48) hours of a request by the Commission, Defendants shall provide social security numbers for individuals identified in paragraph 9.A above, as requested by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

10.     The Commission may review compliance with this Consent Decree.  As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents upon two (2) days' advance notice to Defendants.

11.     If at any time during the term of this Consent Decree, the Commission believes that Defendants are in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendants.  Defendants shall have ten (10) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

7

12.    The term of this Consent Decree shall be for three (3) years from its entry by the Court.

13.    All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Kate Harper, ks@2pgllc.com, 6200 Ross Road, Doraville, GA 30340.  If at any time during the term of this Consent Decree Defendants' designated point of contact changes, Defendants shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

14.    All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, 100 Alabama Street SW, Suite 4R30, Atlanta, GA 30303.

15.    Each party shall bear its own costs and attorney's fees.

16.    This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

June 19, 2019
Date

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

8

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE LETTMAN-SEWELL
(GA Bar #122575)
Regional Attorney

LAKISHA DUCKETT-ZIMBABWE
(GA Bar #231641)
Supervisory Trial Attorney

**s/ Robyn M. Flegal**
Robyn M. Flegal
Georgia Bar No. 599572
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama St., SW Suite 4R30
Atlanta, Georgia 30303
Telephone:   (404) 562.6882
Facsimile:   (404) 562.6905
Email: robyn.flegal@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**GEORGIA RETAIL COMPANY GEORGIA THRIFT STORES, INC., Defendants**

**s/ Dean R. Fuchs**
Georgia Bar No. 279170
Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.,
Suite 2700
Atlanta, GA 30303
(404) 688-6800 main
(404) 688-8277 direct
(404) 688-6840 facsimile

**ATTORNEY FOR DEFENDANTS**

9

have been subjected to harassment of any kind ,please contact the Human Resource Department at 770-416-9922 extension 116 or your District Manager. The company also expects any supervisor, manager, or employee who is given information indicating this policy has been violated to report such information to human resources .Employees reporting any violations of this policy or participating in any investigations will not be retaliated against in any way by the company.

All complaints of harassment will be investigated promptly and in as impartial and confidential a manner as possible by the human resource department . Employees are required to cooperate in any investigation .

## IMMIGRATION COMPLIANCE LAW

Georgia Retail Company is committed to employing only United States citizens and aliens who are authorized to work in the United States and comply with the Immigration Reform and Control Act of 1986. As a condition of employment, each new employee must properly complete, sign and date the first section of the Immigration and Naturalization Service Form I-9 as well as pass an E-Verify test .If failure occurs, the applicant has eight days to contest a failure .Any falsification of identity in any form will be grounds for immediate termination .This includes forms of identification and information provided on the I-9 form .

## AMERICANS WITH DISABILITIES COMPLIANCE ACT (ADAAA)

Georgia Retail Company is committed to complying with all applicable provisions of the Americans with Disabilities Act as amended any applicable state law (ADAAA) . It is the Company's policy not to discriminate against any qualified employee or applicant with regard to any terms or conditions of employment because of such individual's disability or perceived disability so long as the employee can perform the essential functions of the job . Consistent with this policy of nondiscrimination, the Company will provide reasonable accommodations to a qualified individual with a disability , as defined by the ADA , who has made the Company aware of his/her disability ; provided that such accommodation does not constitute an undue hardship on the Company :

## OPEN DOOR POLICY

This company believes the best form of employee-management system results from direct communications between employees and management .All of us must work together to make the Company a successful organization, and every employee, regardless of position or tenure, will be treated with respect and in a fair and just manner at all times . Following Company policies and rules provides you and your co-workers with a satisfactory working environment.

We encourage you to bring your problems first to your immediate supervisor, and then if necessary to other members of management. The process should essentially move from your Store Manager, to your District Manager, then if necessary to the General Manager who will address your concerns that your supervisors cannot answer .All efforts to follow the chain of command should be utilized . If you feel that you cannot speak to your immediate supervisor about a situation, then you may discuss the matter directly with your District Manager or Human Resources.

## PROBLEM RESOLUTION POLICY

The Company provides that every employee, regardless of position or tenure ,be treated with respect and in a fair and just manner at all times . In keeping with this policy; if you have a problem or complaint ,you should do the following :

Tell your immediate supervisor and discuss the problem freely. Generally; you and your supervisor will be able to resolve the problem.

If you do not get a resolution to your problem through your immediate supervisor ,submit the facts ,in writing to your store manager.

If you are still not satisfied, you can arrange to see the district manager or general manager .
Management will endeavor to settle your problem in a fair and equitable manner, but we cannot always succeed at satisfying everyone. Accordingly, the Company reserves the right to resolve all conflicts according to our discretion and judgment, which shall, in all cases, be final .

There will be no discrimination or recrimination against any employee because the employee presents a complaint or problem.

**Exhibit A**

<u>**Written Anti-Discrimination Policy Revisions**</u>

Georgia Retail Company ("GRC") and Georgia Thrift Stores, Inc.'s ("GTSI") anti-discrimination policy should be revised as follows:

1.  Explain in detail the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against discrimination and retaliation:

    > Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

2.  Explain in detail Defendants' obligation to provide a reasonable accommodation to qualified individuals with disabilities:

    > GRC/GTSI will provide a reasonable accommodation to all qualified individuals with a disability, as defined by the ADA, provided that such an accommodation does not constitute an undue hardship on the company.

3.  Explain in detail the procedure for employees to request a reasonable accommodation orally or in writing:

    > Employees may request a reasonable accommodation, orally or in writing, by notifying (1) their immediate supervisor or (2) any Human Resources representative of their need for accommodation. Any questions regarding reasonable accommodations or your rights under the ADA should be directed to Human Resources Manager Kate Stutzman at [phone] or [email].

    > GRC/GTSI will acknowledge receipt of your request for accommodation by providing written notice via email or U.S. Mail. Your request will be evaluated on a case-by-case basis taking into consideration the essential job duties of your position, the specific requested accommodation, and any medical restrictions or limitations

that you may be subject to. GRC/GTSI will notify you, via email or U.S. Mail, if medical documentation is required in relation to your request.

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1-18-CV-01916-MLB-CCB |
| v. | : | |
| | : | |
| GEORGIA RETAIL COMPANY and GEORGIA THRIFT STORES, INC. (collectively d/b/a VALUE VILLAGE), | : | |
| | : | |
| Defendants. | : | |

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Georgia Retail Company and Georgia Thrift Stores, Inc. (collectively d/b/a Value Village) in a case of discrimination based on disability. Specifically, the EEOC alleged that Value Village failed to provide an employee with a reasonable accommodation and constructively discharged the employee because of the employee's disability, in violation of the Americans with Disabilities Act (the "ADA"). As part of the settlement, Value Village agreed to pay monetary damages and to take other actions set out in the Consent Decree resolving this matter.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information or disability. The ADA specifically prohibits discrimination based on an individual's disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

1

3.      Value Village will comply with such federal laws in all respects. Furthermore, Value Village will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the EEOC.

DO NOT REMOVE THIS NOTICE UNTIL: May 2022

**EXHIBIT C**

2